# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2010

No. 06-11374
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLINTON WADE DUNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-97-ALL

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Clinton Wade Dunson appeals his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and his resulting 120-month sentence. The case returns to us following a limited remand to the district court for the purpose of conducting an evidentiary hearing and any other proceedings deemed necessary for a determination on the issue of inevitable discovery after the Supreme Court of the United States vacated our initial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment and remanded the case for further consideration in light of *Arizona v. Gant*, 129 S. Ct. 1710 (2009).  Following the evidentiary hearing, the district court found that the warrantless search of Dunson's vehicle, which was done incident to his arrest and is now invalid under *Gant*, was nevertheless valid as an inventory search done pursuant to standard police procedures.  It therefore found by a preponderance of the evidence that the inevitable discovery exception to the exclusionary rule applied.

We accept a district court's findings made on a motion to suppress based on live testimony "unless clearly erroneous or influenced by an incorrect view of the law."  *United States v. Foy*, 28 F.3d 464, 474 (5th Cir. 1994).  "Under the clearly erroneous standard, we will uphold a finding so long as it is plausible in light of the record as a whole."  *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009).  The evidence is to be evaluated in the light most favorable to the party prevailing in the district court, in this case, the Government.  *Foy*, 28 F.3d at 474.

The district court found as a factual matter that the truck Dunson was driving at the time of his arrest had the indicia of being stolen and that the suspicion that Dunson was driving a stolen vehicle was one of the reasons that Officer Stillman called for it to be impounded under the standard Bedford, Texas, Police Department policy for impounding vehicles and conducting inventory searches.  Dunson now argues that, to the extent that the policy permits officers to impound and conduct an inventory search of a vehicle on the suspicion of theft without probable cause or a warrant, the policy violates the Fourth Amendment.  Specifically, he contends that the seizure of a vehicle on the suspicion of theft fails to invoke the police's caretaking function and is so broad as to allow evidentiary searches under the guise of inventory searches.  He further contends that the facts failed to show that Officer Stillman had a reasonable suspicion of theft in this case, particularly as Officer Stillman's memory was uncertain, making his testimony little more than mere speculation.

Dunson cites no authority for his argument that the policy of impounding a vehicle suspected to be stolen does not implicate the community caretaking function of the police. The argument is unpersuasive. As the Government contends, a critical aspect of the community caretaking function is to protect property, which, in the case of a suspected theft, necessarily involves securing the vehicle until the rightful owner is located. *Cf. United States v. Andrews*, 22 F.3d 1328, 1334 (5th Cir. 1994); *United States v. Staller*, 616 F.2d 1284, 1289 (5th Cir. 1980). The district court's implicit finding that the BPD policy permitting impoundment of suspected stolen vehicles serves a proper community caretaking purpose is plausible in light of the record and is therefore not clearly erroneous. *See Ekanem*, 555 F.3d at 175.

Similarly, when viewed in the light most favorable to the Government, Officer Stillman's uncontroverted testimony established a valid suspicion that the truck Dunson was driving was likely stolen, given the following: Dunson was not the owner of the truck; the truck bore a false registration sticker which had been issued to a Cadillac, removed from that vehicle, and placed on the truck; the truck also bore an obviously forged inspection sticker; and Dunson was unable to answer questions about his authority to drive the vehicle in a satisfactory manner. The district court's finding that Officer Stillman had a reasonable suspicion that Dunson was driving a stolen truck is plausible in light of the record and will be upheld. *See Ekanem*, 555 F.3d at 175.

Thus, Officer Stillman acted pursuant to normal police procedures in impounding the truck Dunson was driving based on his suspicion that the truck was stolen, which fact would have resulted in an inventory search of the truck; the inventory search in turn would have inevitably uncovered the gun and the drugs at issue. *See Florida v. Wells*, 495 U.S. 1, 4-5 (1990); *Andrews*, 22 F.3d at 1334. As the district court determined, its denial of Dunson's motion to suppress may therefore be upheld under the inevitable discovery doctrine, despite the

invalidity of the search as incident to Dunson's arrest under *Gant*. *See Jackson*, 596 F.3d at 241.

Dunson urges that because Officer Stillman offered two possible reasons for impounding the truck, suspicion of theft and the poor condition of the vehicle, but was unable to specify on which reason he actually relied, this court must find that both proffered reasons warranted an inventory search before the district court's ruling can be affirmed. However, he misconstrues the nature of the district court's findings. Although Officer Stillman testified that he could not recall exactly which of the two proffered reasons was the basis for his having called a tow truck to impound the vehicle, the district court found that it could infer from his testimony that the suspicion of theft was a reason, if not the sole reason, that Officer Stillman impounded the vehicle. Because the district court definitively found that suspicion of theft was one of the reasons Officer Stillman acted, because the finding is plausible in light of the record, and because the officer's suspicion authorized the impoundment and inventory search under normal police procedures, this court need not address the validity of the additional proffered reason, the poor condition of the vehicle.

The district court's judgment is AFFIRMED.